## NURNBERGER v. TOWN OF BARNWELL.

1. Action Against Municipality—Money Had and Received.—Just after the passage of a statute forbidding municipal licenses for the sale of liquor for a longer term than six months, a liquor dealer paid, under protest, to a municipality the license fee for twelve months, and received license for twelve months, the town council promising to repay one-half of this fee if the license was illegal for the last six months of its term. The license having been illegal to that extent, the licensees were entitled to recover such half fee, it having been money taken by the council under a promise to repay, and not applicable to corporate purposes.

Before Izlar, J., Barnwell, November, 1893.

These were five actions against W. R. Christie, intendant, and others, constituting the town council of Barnwell, the plaintiffs being C. E. Nurnberger, C. C. Califf, Charles Brown, trustee, H. K. Anderson, and J. E. Furman & Bro., respectively.

*Mr. Robert Aldrich,* for appellant.

*Messrs. Bellinger & Townsend* and *George G. Thompson,* contra.

July 27, 1894. The opinion of the court was delivered by

Mr. Justice McGowan. The complaint in each of the above five actions, except in the single particular of the name of the plaintiff, is identical; and to avoid confusion, we will confine ourselves to the first one, regarding what may be said in that as applying to each of the others.

The complaint stated, among other things, "That the town

council of Barnwell up to the 30th of June, 1893, had the power of fixing the amount of license for the retail of intoxicating and malt liquors within the limits of the town of Barnwell. That the defendant town council fixed the amount of the license for the retail of liquor within the said town of Barnwell from the first day of January, 1893, to December the 31st of same, at the sum of $560. That the act approved December 24, 1892, and known as the Dispensary Act, provides: 'That no license for the sale of spirituous liquors now authorized to be granted by municipal authorities shall be of any force or effect after June 30, 1893, but licenses may be issued or extended to said June 30, 1893, upon payment of one-half the annual license required by the municipal and county authorities.' That the plaintiff, as aforesaid, after having complied with all the requisites for obtaining license in incorporated towns, tendered to the said town council the sum of $280, one-half of the annual license as fixed by the said town council, and demanded a license for six months, expiring on June 30, 1893. That the said defendant, as aforesaid, refused to accept the same, but demanded the full sum of $560, the full amount of the annual license as above. That the plaintiff, thereupon, under protest, paid to said defendant the said sum as fixed for an annual license, and the said town council, through the proper officers, duly issued to the plaintiff license, 'to carry on the business of retail liquor dealer in the town of Barnwell until the first day of January, 1894,' &c. That the said plaintiff was induced to pay the said excess of $280, upon the promise by the said town council, that if the said license was illegal and void after June 30, 1893, and the said plaintiff was not allowed by law to carry on his business as retail liquor dealer, then the said town council would repay to the plaintiff the said sum of $280, excess as aforesaid. That by force of the act of assembly, approved December 24, 1892, known as the 'Dispensary Act,' above referred to, the plaintiff was compelled to close his doors on June 30, 1893, and now, notwithstanding the license of the said defendant as aforesaid, the plaintiff is informed and believes, that it is now unlawful to carry on his retail liquor business in the said town of Barn-

well. That the said sum of $280, induced to be paid by the plaintiff by the representations, promises, and circumstances as aforesaid, was turned into the treasury of the town of Barnwell, and was expended on the streets and other improvements of said town, and for other corporate purposes. Wherefore, the plaintiff demands judgment against the defendant, the town of Barnwell, for the sum of two hundred and eighty dollars and costs," &c.

After the complaint was read, the defendant's attorney interposed an oral demurrer, that the complaint did not state facts sufficient to constitute a cause of action, in that the contract sued on was *ultra vires*, and not binding on the defendant corporation. The defendant admitted the truth of each and every allegation in the complaint contained, and submitted the rights of the parties to the court.[1] After argument, his honor, Judge Izlar, made the following order: "This cause comes on to be heard on the complaint and answer admitting the facts stated in the complaint. I think the case comes clearly within the principles stated in the case of *Coleman* v. *Chester*, 14 S. C., 291. *Ordered*, That the plaintiff in each case have judgment against the defendant for the sum of two hundred and eighty-eight and 69–100 dollars, and costs," &c.

From this order the defendant appeals to this court, upon the following exceptions: "I. That his honor committed error of law, as respectfully submitted, in holding that the case comes within the principle stated in *Coleman* v. *Chester*, 14 S. C., 291; but should have held that there being no authority for making such a contract as that alleged in the complaint proved, nor alleged and admitted, the action could not be maintained. II. That his honor, the presiding judge, should have held, as it is respecfully submitted, that the promise to repay to the plaintiff one-half of the amount paid by him for license was *ultra vires*,

---

[1] Or, as stated in the "Case:" "The court overruled this demurrer and gave judgment on the pleadings. On the back of each complaint appears the following: 'Jury trial waived, and consent to be tried by the court.'" The defendant put in an answer in all the cases, admitting the truth of all the allegations of the complaint.

and not binding upon the defendant corporation.   III. That the said judgment is otherwise contrary to law," &c.

As we understand it, the case is not to be determined by the principle stated in the case of *Coleman* v. *Chester*, 14 S. C., 286, nor can the alleged contract made be considered as *ultra vires*.   The facts admitted to be true show that the half year's license left with the city council did not in any sense belong to the corporation, but was to be kept and returned, in case the license should be held void at a future day; but, instead of doing so, the money was turned into the treasury, and expended on the streets and other improvements of the town of Barnwell.   "If A wrongfully takes goods from B and sells them, or has obtained money from B by fraud, or by B's mistake or the like, B may sue A for the amount on an implied contract by A to pay it to him.   This is called an action for money had and received by the defendant for the use of the plaintiff."  "It is undoubtedly the general rule that a municipal corporation is only liable upon express contracts duly authorized.  There are, however, exceptions to this rule.   The exceptions relate to liability for the use of money or other property which does not belong to the municipality, and to liabilities springing from the neglect of duties imposed by the charter, from which injuries to the person or property of parties are produced.  Municipal corporations, therefore, like private corporations, may be liable upon implied contracts, within the scope of their powers, to be deduced by inference from authorized corporate acts, without either vote, deed or writing.  This doctrine is well established, and the principle upon which this doctrine rests is, that if a municipality obtain the money or property of another by mistake or without authority of law, it is her duty to make restitution or compensation—not from any contract entered into by her on the subject, but from the general obligation to do justice, which binds all persons, whether natural or artificial."   "The obligation to do justice rests upon all persons, natural and artificial, and if a municipality obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation."   15 Am. & Eng. Enc. Law, page 1083, and numerous notes.   "An

executory contract, made without authority, can not be enforced, but where the contract has been executed, and the corporation has received the benefit of it, the law interposes an *estoppel*, and will not permit the validity of the contract to be questioned." *Argenti* v. *San Francisco*, 16 Cal., 256, and cases cited.

The judgment of this court is, that the judgment of the Circuit Court for the plaintiff in each of the *five cases named* in the caption be affirmed, and the appeal dismissed.